UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

Case No. 2:25-cv-00792-CDS-EJY

OLUWOLE ADEGBORUWA,

      Plaintiff,

v.

LIBORIUS I. AGWARA, *et al.*,

      Defendant.

**ORDER
AND
REPORT AND RECOMMENDATION**

On July 8, 2025, the Court entered a Minute Order granting Plaintiff's Application to Proceed *in forma pauperis*. ECF No. 6. The Court now screens Plaintiff's Complaint.

**I.    Screening Standard**

Under 28 U.S.C. § 1915(e)(2), the reviewing Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A federal court must dismiss a claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

Allegations of a pro se complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.    Plaintiff Fails to Plead Facts Supporting the Exercise of Diversity Jurisdiction.

Plaintiff, housed in the federal prison in San Pedro, California, sues Liborius I. Agwara ("Defendant"), who he identifies as an attorney with offices in Nevada. ECF No. 1-1. Plaintiff claims he contracted with Defendant for representation in a criminal matter paying Defendant $35,000 in exchange for such representation. *Id*. at 3. Plaintiff alleges Defendant did not enter a notice of appearance in the criminal matter and this failure caused him prejudice and emotional distress. *Id*. Plaintiff's claims for relief include fraud, breach of contract, unlawful practice of law, conversion, and professional misconduct. *Id*. at 3-4. Plaintiff seeks compensatory damages in the amount of $35,000, and punitive damages in the amount of $500,000 based on harm to Plaintiff's business of buying and selling Bitcoin. *Id*. at 4.

Each of Plaintiff's causes of action arise under state law.  *See*, *for example*, *Sivil v. Country Mutual Insurance Company*, 619 F.Supp.3d 1072 (D. Nev. 2022) (recognizing breach of contract as a state law claim); *Brown v. Bettinger*, Case No. 2:15-cv-00331-APG-PAL, 2015 WL 4162505, at *6 (D. Nev. July 8, 2015) (recognizing fraud as a state law claim); *Dundas v. Doyle*, Case No. 2:11-cv-02107-KJD-PAL, 2012 WL 7018051, at *2 (D. Nev. Aug. 1, 2012) (recognizing legal malpractice as a state law claim); *Uston v. Hilton Hotels Corp.*, 448 F.Supp. 116, 120 (D. Nev. 1978) (recognizing intentional infliction of emotional distress as a state law claim).  Plaintiff makes no mention of, nor does he suggest, a violation of federal law or his constitutional rights.  ECF No. 1-1, *generally*.  Thus, Plaintiff's claims may proceed in federal court only if he establishes diversity jurisdiction.

Under 28 U.S.C. § 1332(a), a federal district court has original jurisdiction over a civil action where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  With respect to party citizenship, an individual is deemed to be a citizen of the state where they are domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  The Court will presume, for sake of this Order only, that Plaintiff is a citizen of California and Defendant is a citizen of Nevada.  With respect to the amount in controversy, "the sum claimed by the plaintiff [in the complaint] controls if the claim is apparently made in good faith."  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (brackets in original, internal quotation marks omitted).  However, a "facially implausible figure does not satisfy the amount in controversy requirement."  *Parker v. U.S. Bank Tr., N.A.*, Case No. 2:20-cv-09697-ODW-RAOx, 2020 WL 7479633, at *2 (C.D. Cal. Dec. 18, 2020).

Here, the Court finds Plaintiff has not met his burden of establishing the amount in controversy exceeds $75,000.  First, the Court takes judicial notice of *USA v. Adegboruwa*, Case No. 2:19-mj-00388-VCF-1, the only case in the District of Nevada in which Defendant represented Plaintiff.[1]  The docket in that case demonstrates that Defendant filed a notice of appearance on behalf of Plaintiff on May 30, 2019.  *Id*. ECF No. 7.  Thereafter, all proceedings focused on Plaintiff's

---

[1]    Federal courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue."  *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.1992).

transport from the District of Nevada to the District of Utah—the district from which his criminal proceeding originated and in which those proceedings took place. *Id.* ECF Nos. 2, 10, 12. Second, proceedings in the U.S. District Court for the District of Utah are confirmed through a review of four criminal cases bearing Plaintiff's name, two of which demonstrate complete criminal proceedings.[2] Defendant represented Plaintiff in none of those proceedings. *See* dockets of cases listed in n.2. Thus, the objective verifiable facts from this District and the District of Utah demonstrate Defendant filed a notice of appearance in the only case in which he represented Plaintiff after which the sole activity was transfer of Plaintiff to Utah where he was represented by other counsel. Case No. 2:19-mj-00388-VCF-1, ECF Nos. 7-12; n.2 herein.

While Plaintiff alleges actual damage in the amount of $35,000, the above facts fail to persuade the Court that Plaintiff's claim for $500,000 in punitive damages is sufficiently plausible to satisfy the amount in controversy requirement. While Nevada statutory law would allow a maximum punitive damages award of $300,000 (NRS 42.005(1)(b)), the mere possibility of such an award is insufficient to establish the necessary amount in controversy. *Redford v. Greendot Corp.*, Case No. CV 20-3260-JGB-PVC, 2021 WL 785147, at *7 (C.D. Cal. Jan. 14, 2021) ("[W]hen the amount in controversy depends largely on alleged punitive damages, the court will scrutinize a claim more closely than a claim for actual damages to ensure Congress's limits on diversity jurisdiction are properly observed .... The mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met.") (internal quotation marks, brackets, and ellipsis omitted), *report and recommendation adopted*, 2021 WL 784955 (C.D. Cal. Feb. 26, 2021)). Further, "[c]ourts increasingly view punitive damages claims with skepticism, especially if asserted for the apparent purpose of meeting jurisdictional minimums." *Jackson v. Frank*, Case No. C12-03975 HRL, 2012 WL 6096905, at *2 (N.D. Cal. Dec. 7, 2012).

The dockets reflecting proceeding in Nevada and Utah demonstrate Plaintiff's factual allegations do not support the wrongdoing alleged and, therefore, fail to establish anything more than mere possibility of an award of punitive damages. Consequently, the Court finds Plaintiff fails

---

[2]    *See* U.S. District Court for the District of Utah Case Nos. 2:19-cr-00260-JNP (filed July 10, 2019 and closed March 17, 2025), 2:19-cr-00260-JNP-1 (filed July 10, 2019 and closed November 21, 2024), 2:19-mj-00349-EJF (filed May 16, 2019 and closed July 10, 2019), 2:19-mj-00349-EJF-1 (filed May 16. 2-19 and closed July 10, 2019).

1  to establish the amount in controversy necessary to demonstrate diversity jurisdiction.  For this

2  reason, the Court lacks jurisdiction over this dispute and Plaintiff's Complaint should not proceed

3  in this Court.

4  **IV.    Order**

5      IT IS HEREBY ORDERED that Plaintiff's Complaint, ECF No. 1-1, should be separately

6  filed on the docket.

7  **V.    Recommendation**

8      Because all of Plaintiff's claims arise under state law and a primary fact on which Plaintiff

9  relies appears in the Court's records to be inaccurate, the Court recommends dismissal of this matter

10  without prejudice, but without leave to amend in federal court as diversity jurisdiction cannot be

11  established.  Dismissal without prejudice will allow Plaintiff the opportunity, if he so chooses, to

12  proceed in state court with his common law claims.

13      Dated this 30th day of July, 2025.

14

15

16  _____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

17

18                    **NOTICE**

19      Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in

20  writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held

21  that the courts of appeal may determine that an appeal has been waived due to the failure to file

22  objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also

23  held that (1) failure to file objections within the specified time and (2) failure to properly address

24  and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal

25  factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir.

26  1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

27

28