UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Oluwole Adegboruwa, | Case No. 2:25-cv-00792-CDS-EJY |
| Plaintiff | **Order Adopting Magistrate Judge's Report and Recommendation** |
| v. | |
| Liborius I. Agwara, et al., | [ECF No. 8] |
| Defendants | |

Plaintiff Oluwole Adegboruwa brings this lawsuit against defendant Liborius Agwara and the Law Offices of Libo Agwara, Ltd. alleging fraud, breach of contract, unlawful practice of law, conversion, and professional misconduct. Compl., ECF No. 5. In screening Adeboruwa's complaint, United States Magistrate Judge Elayna J. Youchah found that this court lacks subject matter jurisdiction over Adeboruwa's claims because they arise under state law, but more notedly, that Adegboruwa has not met his burden of establishing the amount in controversy exceeds $75,000. Order and R&R, ECF No. 8. She therefore recommends that I dismiss the complaint without leave to amend as diversity jurisdiction cannot be established. *Id.* at 5.

Adegboruwa had until August 13, 2025, to file any specific, written objections to the magistrate judge's findings and recommendations. *Id.* at 5–6 (citing Local Rule IB 3-2 (stating that parties wishing to object to the findings and recommendations must file specific written objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). The time to object has passed now and Adegboruwa has not responded in any way. It is well-established that "no review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

     Although de novo review is not required, I nonetheless conduct one here. In the R&R, Judge Youchah reasons that, although Adegboruwa "alleges actual damages in the amount of $35,000, the [ ] facts fail to persuade the Court that Plaintiff's claim for $500,000 in punitive damages is sufficiently plausible to satisfy the amount in controversy requirement." ECF No. 8 at 4. Punitive damages may be considered part of the amount in controversy if they are properly pled. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Courts recognize that to include punitive damages in the amount in controversy, "the party asserting jurisdiction must establish that punitive damages would be permitted under the applicable state law based on the conduct alleged." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2019 U.S. Dist. LEXIS 59413, 2019 WL 1501577, at *4 (N.D. Cal. Apr. 5, 2019). Under Nevada law, punitive damages are only awarded "when the plaintiff proves by clear and convincing evidence that the defendant is 'guilty of oppression, fraud or malice, express or implied.'" *Bongiovi v. Sullivan*, 122 Nev. 556, 138 P.3d 433, 450 (2006). Here, as Judge Youchah found, Adegboruwa's allegations are insufficient to support a claim for fraud, oppression, or malice and are therefore insufficient to support a claim for punitive damages. I thus find that the magistrate judge correctly concludes that this court lacks diversity jurisdiction.

## Conclusion

     For those reasons, IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 8] is accepted and adopted**, and this case is **dismissed without prejudice**, but without leave to amend. The Clerk of Court is kindly directed to enter judgment accordingly, and to close this case.

     Dated: August 26, 2025

                                                                                _____
                                                                                 Cristina D. Silva
                                                                                 United States District Judge